## In the Matter of Oscar Cristobal GARCIA, Bankrupt.

### Bankruptcy No. 79–1150–BK–CA–B.

United States Bankruptcy Court, S. D. Florida.

Oct. 25, 1979.

William M. Manker, Miami, Fla., for Garcia.

## ORDER DENYING DISCHARGE OF CERTAIN STUDENT LOANS

THOMAS C. BRITTON, Bankruptcy Judge.

■ At the first meeting of creditors in this case, the bankrupt sought a determination:

". . . that payment from future income or other wealth will impose an undue hardship on the debtor or his dependents."

The finding is pertinent under 20 U.S. C.A. § 1087–3 which permits the discharge in bankruptcy of certain student loans only after the loan has been repayable for at least five years unless this court makes the finding quoted above.

It is undisputed that the provision applies to three student loans scheduled by this bankrupt as follows:

| | |
|---|---|
| Florida Insured Student Loan Student Loan, S/S 266–04–7347 | $918.80 |
| Dept. of HEW Student Loan, S/S 266–04–7347 | $12,000.00 |
| University Accounting Serv. Student Loan, #107–01–1035–00485 | $800.00 |

It is also undisputed that the five year period has not yet expired.

The basis for hardship offered by the bankrupt is that his current monthly living expenses total $901 and that his present monthly income totals $928 and that his assets consist only of certain household furniture and a 1972 VW automobile. The bankrupt is married with two children. The student loan was obtained while he obtained a degree at the University of Florida in 1975. Last year, he lost a child and the resulting medical expenses are the primary reason for the present bankruptcy. His wife is presently employed and the current income and expenses do not reflect her present income. The bankrupt has been employed as an I.R.S. agent since July, 1977. He is young, intelligent, healthy and suffers from no physical disability.

The purpose of the legislation in question is explained by the legislative history.

"The amendment was adopted in the light of testimony that the bankruptcy rate involving student loans has increased significantly in the last several years and that in some areas of the country students are being counselled on filing for bankruptcy to discharge their obligations to repay guaranteed student loans. The Committee notes that in most circumstances a student may leave school with several thousand dollars in student loans and no assets, thereby making the student technically eligible to declare bankruptcy. The amendment, by waiting five years, would offer a more realistic view on the student's ability to repay a student loan." H.R.Rep.No.1232, 94th Cong., 2d Sess., 13–14 (1976).

Two witnesses who testified on the bill suggested that undue hardship is shown where a student becomes physically disabled and such disability impairs his earning capacity. See Bankruptcy Act Revision: hearings before the Subcommittee on Civil and Constitutional Rights of the House Committee on the Judiciary, 94th Cong., 1st and 2d Sess., 1069–70, 1092 (1975–1976) (Pt. II) Testimony of Ray Thornton and John Erlenborn.

The Bankruptcy Commission Report, Pt. II, at 140 n. 16, a part of this same record contains the following comment:

"This requirement recognizes that in some circumstances the debtor, *because of factors beyond his reasonable control,* may be unable to earn an income adequate both to meet the living costs of himself and his dependents and to make the educational debt payments."

The foregoing excerpts convince me that undue hardship is not shown by the record before me. There is no reason for me to assume that the bankrupt will not be able to meet the obligation of repaying his student loan, when payments become due, particularly in light of the patience ordinarily shown in the collection of these obligations. I believe that the bankrupt will be able to meet this obligation when it becomes payable.

Because of the foregoing conclusion, it is not necessary for me to determine whether this matter is properly before me. However, I believe that B.R. 409 and 701(7) require the filing of an adversary complaint to present this issue. That procedure was not followed in this instance. Had I not resolved this matter on the merits against the bankrupt, I would have required that it be submitted by adversary complaint after service on the affected creditors.